UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LANCE RAIKOGLO,<br><br>     Plaintiff,<br> v.<br><br>UNITED STATES OF AMERICA ET AL,<br><br>     Defendants. | CASE NO. 3:24-cv-05505-TL<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND |

  This case arises from Plaintiff Lance Raikoglo's claims regarding his deceased aunt's estate and an allegedly related automobile accident. This matter is before the Court on its own motion. Having reviewed Plaintiff's Complaint (Dkt. No. 5), the Court finds that Plaintiff fails to state a claim upon which relief may be granted and therefore DISMISSES WITHOUT PREJUDICE Plaintiff's Complaint with leave to file an amended complaint.

  On June 25, 2024, Plaintiff filed an application to proceed *in forma pauperis* ("IFP") in this action. Dkt. No. 1. Plaintiff's application for IFP status was granted, but U.S. Magistrate

ORDER OF DISMISSAL WITH LEAVE TO AMEND - 1

Judge David W. Christel recommended review under 28 U.S.C. § 1915(e)(2)(B). Dkt. No. 4. Plaintiff's Complaint was subsequently filed on the docket. Dkt. No. 5.

The Court's authority to grant IFP status derives from 28 U.S.C. § 1915. Per the statute, the Court must dismiss a case if the IFP Plaintiff fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners"). "The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as when ruling on dismissal under Federal Rule of Civil Procedure 12(b)(6)." *Day v. Florida*, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) requires courts to assume the truth of factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). Plaintiff must provide sufficient factual details in the complaint to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Where a plaintiff proceeds *pro se* (without an attorney), courts must construe the complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). However, a court "should not supply essential elements of the [*pro se*] claim that were not initially pled." *E.g.*, *Henderson v. Anderson*, 2019 WL 3996859, at *1 (W.D. Wash. Aug. 23, 2019) (internal citation and quotation omitted); *see also Khalid v. Microsoft Corp.*, 409 F. Supp. 3d 1023, 1031 (W.D. Wash. 2019) ("[C]ourts should not have to serve as advocates for pro se litigants." (quoting *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987))).

Here, Plaintiff's Complaint lacks sufficient factual detail to plausibly state a claim. Plaintiff specifically asserts federal question jurisdiction under 42 U.S.C. § 1983, which allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the

Constitution and [federal laws]." Plaintiff claims, without providing any supporting details, that he has been deprived of his property without due process of law by the "[U.S.] Government violating 18 U.S.[C.] § 641, 42 U.S.[C.] § 1983, and Acts against the Estate of Janice Walker and upon . . . [Plaintiff] and [his] deceased aunt's estate." Dkt. No. 5 at 5. However, Plaintiff does not provide factual details as to whether he is an heir to the estate, what amount of money he asserts he was entitled to as an heir to the estate, or when he believes that he should have received that money. *See generally* Dkt. No. 5. Further, Plaintiff does not allege any factual details as to the alleged "RICO style act" he asserts was made upon the deceased's estate or how that act harmed him specifically. *See generally id.* Without additional factual details, Plaintiff's conclusory statements are insufficient to state a claim for relief.

To state a plausible claim for relief in federal court, a Plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 672 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Id.* Here, all Plaintiff offers are conclusory statements to support threadbare, and substantively incomplete, recitals of some elements of her claims. The Court, therefore, FINDS that Plaintiff fails to state a plausible claim for relief under 42 U.S.C. § 1983. For this reason, the Court must dismiss Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Courts typically allow *pro se* plaintiffs to amend their complaints in lieu of dismissal. *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017). The Court will therefore GRANT Plaintiff leave to file an amended complaint in this case that sufficiently "pleads factual content," *Iqbal*, 556 U.S. at 672, to state a plausible claim for relief. If Plaintiff fails to file an amended complaint by the deadline or if the amended complaint fails to state a plausible claim for relief, the Court will dismiss this case in its entirety.

Finally, this case was sealed because Plaintiff checked the box on the civil cover sheet characterizing his suit as a false claims and qui tam action. Dkt. No. 1-2. "The False Claims Act enables a private individual to sue a firm which presents a fraudulent claim to the government"—this is referred to as a "*qui tam* action." *U.S. ex rel. Anderson v. Northern Telecom, Inc.*, 52 F.3d 810, 812–13 (9th Cir. 1995). "The action is brought in the name of the government, and is served on the government." *Id.* at 813. "[T]he paradigm qui tam case is one in which an insider at a company brings an action against his own employer." *U.S. ex rel. Fine v. Chevron, U.S.A., Inc.*, 72 F.3d 740, 742 (9th Cir. 1995). Qui tam actions remain under seal for at least the first 60 days after filing. 31 U.S.C. § 3730(b)(2). However, this case is not brought *for* the United States government but *against* the United States government. As this case is not a qui tam case, it should not be filed under seal.

Accordingly, the Court ORDERS as follows:

1. This case is DISMISSED without prejudice. However, the Court GRANTS Plaintiff leave to amend his complaint within **30 days** of this Order. Therefore, any amended complaint is due by **October 16, 2024.**
2. Mr. Raikoglo's pending Motion to Appoint Counsel (Dkt. No. 6) is DISMISSED as moot.
3. The Court DIRECTS the clerk of the court to unseal this case.

Dated this 16th day of September 2024.

Tana Lin
United States District Judge